SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: 415.436.6857
Facsimile:  415.436.6748
Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$30,790 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br><br>ROSA VERDUGO,<br><br>    Putative Claimant. | No. 05-3646 TEH<br><br>SETTLEMENT AGREEMENT |

The parties stipulate and agree as follows:

1.  Plaintiff is the United States of America ("United States"). Defendant is $30,790 in United States Currency ("Defendant $30,790"). After proper notification was given and notification through publication was also given, the only person who attempted to file a Claim and Answer in this action is putative claimant Rosa Verdugo ("VERDUGO"). The United States and VERDUGO are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. After full and open discussion, the parties agree to resolve any and all claims against Defendant $30,790, as well as any claims against the United States, including any and all past and present officials, employees, agents, attorneys of the United States, as well as any claims against any and all past and present state and local law enforcement officers, arising out of the seizure of Defendant $30,790 and the facts alleged in the Complaint for Forfeiture filed in this lawsuit on or about September 9, 2005.

3. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation in the District Court and in the Ninth Circuit.

4. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5. The parties agree that VERDUGO releases and discharges the United States, including any and all past and present officials, employees, agents, attorneys of the United States, as well as any and all past and present state and local law enforcement officers, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the seizure of Defendant $30,790 and the allegations in plaintiff's Complaint for Forfeiture, filed on September 9, 2005.

6. VERDUGO does not contest that the United States has sufficient evidence to support the forfeiture of Defendant $30,790. In order to resolve this case without the expense of further litigation, however, the parties have agreed that $20,526.66 of defendant shall be forfeited to the United States and that $10,263.34 of defendant shall be returned to VERDUGO, by check made payable to VERDUGO and her attorney, Theresa Gibbons and delivered to her attorney,

Theresa Gibbons at 523 Octavia Street, San Francisco, California 94102   Such payment shall be in full settlement and satisfaction of any and all claims by VERDUGO, her heirs, representatives and assignees to Defendant $30,790.

7.   VERDUGO shall hold harmless the United States, including any and all past and present officials, employees, agents, attorneys of the United States, as well as any and all past and present state and local law enforcement officers, for any and all acts directly or indirectly related to the seizure of Defendant $30,790, to the facts alleged in the Complaint for Forfeiture and to the forfeiture of $20,526.66 of defendant $30,790.

8.   The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

9.   Based on the foregoing, the parties agree that the Court shall dismiss this action.

IT IS SO STIPULATED:

SCOTT N. SCHOOLS
United States Attorney

Dated: April 24, 2007

*(signed)*
PATRICIA J. KENNEY
Assistant United States Attorney

Dated: April 26, 2007

*(signed)*
THERESA GIBBONS
Attorney for Putative
Claimant Rosa Verdugo

Dated: April 26, 2007

*(signed)*
ROSA VERDUGO
Putative Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS __27th__ DAY OF __April__, 2007, AND THIS CASE IS HEREBY DISMISSED ON THE FOREGOING TERMS.

*(signed)*
HONORABLE THELTON E. HENDERSON
United States District Judge

Settlement Agreement & Order
No. 05-03646 TEH